# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MALIBU MEDIA, LLC.**<br>Plaintiff, | CIVIL CASE NO.. 1:14-CV-00258-RJJ |
| v | **DEFENDANT'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** |
| **JOHN DOE, subscriber assigned IP address 71.206.111.76**<br>Defendant | **ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| Paul J. Nicoletti (P44419)<br>NICOLETTI LAW, PLC<br>Attorneys for Plaintiff<br>33717 Woodward Avenue #433<br>Birmingham, Michigan 48009<br>Telephone: 248-203-7800<br>E-Fax: 248-928-7051<br>E-Mail: pauljnicoletti@tgmail.com | Fred C. Lovejoy (P39050)<br>LOVEJOY LAW OFFICES, P.C.<br>Attorney for Defendant<br>107 E. Washtenaw, Suite 2<br>Lansing, Michigan 48933<br>Telephone: 517-371-718<br>Fax: 517-371-7186<br>E-Mail:: fclovejoy@att.net |

## DEFENDANT'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

**NOW COMES** the named **Defendant, John Doe, subscriber assigned IP Address 71.206.111.76**, (hereinafter referred to as "Defendant") by and through his/her attorneys, Lovejoy Law Offices, P.C., and files this Motion to Quash Subpoena and for Protective Order pursuant to FRCP 45(d)(3) and FCRP 26)(c), and hereby states unto this Court as follows:

1. John Doe's attorney made written and verbal communications to Plaintiff's attorney seeking concurrence in the relief requested in this Motion, the same which was declined by the Plaintiff.

LOVEJOY LAW OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

2. Pursuant to the Order of this Court of March 20, 2014, the Plaintiff served a Subpoena dated March 21, 2014, on Comcast Cable Holding, LLC at 3060 Telegraph Road, Suite 2435 in Bingham Farms, Michigan ("Comcast"), commanding it to produce documents identifying the name, address and telephone number of the Joe Doe named in this cause with the IP Address of 71.206.111.76. See **Exhibit A** attached hereto.

    a. Comcast would have this information pursuant to the IP Address denoted in the Subpoena.

3. The Plaintiff is a California based adult film company, which upon information and belief, regularly files lawsuits against persons in the United States Federal Courts claiming copyright infringement violations.

    a. One article reflected that Plaintiff has filed over 1000 such lawsuits targeting people for alleged copyright infringements. See **Exhibit B** attached hereto.

    b. Many such BitTorrent copyright cases by the Plaintiff may have no plausible basis in fact and may be intended solely to obtain money from persons by way of settlements to avoid public association with the "adult films" which apparently Plaintiff is authorized to publish and make available to the public. **(Exhibit C - E).**

4. Plaintiff's Motion to obtain the Order of March 20, 2014, like the "Declarations" the Plaintiff attached to its Motion, to obtain permission from this Court to issue the Subpoena, did not advise the Court of the Plaintiff's history of filing such lawsuits or of the fact that one's IP Address does not identify the user or alleged infringer and nor did it tell the Court that the "distribution" by one viewing such a BitTorrent network, is simply a process and does reflect any intentional act of

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

distributing the materials to third parties. **(Exhibits C and D).**

    a.    In one of the Plaintiff's cases filed in Florida, the Federal District Court, Judge Ursula Ungaro, dismissed the Plaintiff's lawsuit against a John Doe because despite all of the technological jargon about BitTorrent which Plaintiff and its "Declarants" like to use, the truth is that this Plaintiff comes into a Court and misleads the Court: in truth, there is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos on a certain date or which shows whether the actual user even lives in the district of that court. **(Exhibit D).**

    b.    It is the Plaintiff who made its movies part of this BitTorrent file distribution network available to the public to view with knowledge of exactly how the network works and with knowledge that IP addresses are easily accessible by others, **not the one** whose name the address is in with the IPS, to include "hackers", neighbors and anyone within a certain distance from the wireless router.

    c.    Other than the IP Address of this John Doe, this Plaintiff does not have **any** evidence that the John Doe it named in this lawsuit was ever the user which it claims downloaded its movies. The Plaintiff's own "Declarants" to its Motion would have to admit to this material fact as true.

    d.    Plaintiff's instant lawsuit against this John Doe is, in effect, an attempt at a court sanctioned extortion.

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

  5. The John Doe named in the above-captioned case is an established and respected member of the community in which he/she resides and works.

    a. This John Doe named by the Plaintiff, did not at any time access the Plaintiff's materials, by downloading same or otherwise, on February 10, 2014 or at any other time. **(Exhibit F)**.

    b. This John Doe named by the Plaintiff, had left the State of Michigan with all of his/her computer devices on February 5, 2014 and did not return until March 27, 2014; he/she had no access or ability to access the wireless router assigned to 71.206.111.76 during this time as the Plaintiff has alleged.

     (i) Plaintiff alleged this John Doe committed 35 copyright infringements during this time: it was not possible.

    c. The John Doe named by this Plaintiff, has and can produce copies of airline documentation, condominium lease documents and related paperwork which confirms his/her absence from the home and from the State of Michigan between February 5, 2014 and March 27, 2014.

    d. The only way that this John Doe could have done as Plaintiff alleges in its Complaint was to have had access to the wireless router at his/her home to which the IP Address is assigned, and that was impossible between February 6 and March 26, 2014, during which time Plaintiff "claims" 35 movies were downloaded by this John Doe.

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile  (517) 371-7186

  e. This John Doe named by the Plaintiff, can produce evidence from his/her computer devices which confirms that he/she did not have access with or contact with Plaintiff's "materials".

  f. There does not exist any good faith basis for the Plaintiff's claim against this named John Doe.

6. This John Doe's reputation and employment position will suffer immediate, substantial and unnecessary harm and jeopardy in the event his/her personal information is publically disclosed as being associated with this Plaintiff, a fact known to the Plaintiff.

7. Comcast's compliance with Plaintiff's Subpoena will subject this John Doe to undue burden, unnecessary prejudice and cause disclosure of privileged information resulting in immediate and irreparable harm to this named John Doe.

  a. Again, this John Doe, **did not** have any access to the IP Address 71.706.111.76 between February 6, 2014 and March 27, 2014, which is during the time which Plaintiff claims **35** of its movies were downloaded by this John Doe.

8. The John Doe named by the Plaintiff in this action contacted and hired a qualified digital forensics specialist (**at a substantial cost to John Doe**), to examine all of his/her computer devices which he/she could have used as alleged in Plaintiff's Complaint, and that along with this Defendant's other documents related to and confirming where he/she was between February 5 and March 27, 2014, establish without question that the John Doe named by the Plaintiff **did not** access Plaintiff's material as the Plaintiff alleged.

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile  (517) 371-7186

9. Some type of a screening process by the Court is necessary in this case and should be required by the Court in all cases filed by this Plaintiff, to discern if such "claims" by this Plaintiff are viable, in good faith and can be supported by any facts before the good name, reputation and employment of John Doe, and others are forever damaged, because of an alleged association with this Plaintiff. **(See Exhibits B and E).**

    a. At this point in time, and contrary to that which Plaintiff represented to this Court, this Plaintiff does not have any evidence that the named John Doe in this case actually downloaded anything or that it was this John Doe who was the person who actually used the IP Address 71.206.111.76 to access Plaintiff's materials as Plaintiff has alleged.

    b. Again, this John Doe can prove that it was not him/her in February 2014 as the Plaintiff has alleged: he/she was not in the State of Michigan or even close to the State of Michigan and nor were any of his/her computer devices at the time when the Plaintiff claims the infringement in February of 2014 occurred.

    c. This John Doe turned over all of his/her computer devices to a qualified digital forensics specialist which confirmed that none of his/her devices were used as Plaintiff alleges.

10. This Plaintiff has no knowledge or even a scintilla of evidence that this named John Doe was the user of IP Address 71.206.111.76 as Plaintiff has alleged in its Motion and Complaint, yet his/her reputation will be destroyed if Comcast complies with the Subpoena.

**LOVEJOY LAW OFFICES, P.C.**

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

  a. Due to the increasing popularity of wireless routers, it is more doubtful than ever that the identity of the subscriber correlates to the identity of the infringers who used the IP Address, a fact also known to the Plaintiff: it might be the subscriber, but also could be someone in the subscriber's home, a visitor with a laptop, a neighbor or someone simply parked out on the street at any given time. (See Page 3 of **Exhibit C** attached hereto).

  b. As referenced in paragraphs 5, 8 and 9 above, this John Doe was not and could not have been the "user" as alleged by the Plaintiff.

11. FRCP 26(c) authorizes a court for good cause, to issue an Order to protect a person from annoyance, embarrassment and oppression, to include forbidding the discovery, prescribing another method of discovery, designating certain persons who may be present, requiring that the information be sealed or ordering that it not be disclosed by the person who the discovery is produced.

12. Good cause exists within the meaning and intent of FRCP 26(c), for this Court to now Quash the Plaintiff's Subpoena or issue a necessary Protective Order and allow John Doe to produce the above information **to this Court**, before Comcast is required to disclose the information Plaintiff has requested within its Subpoena dated March 21, 2014.

  a. Plaintiff should not be permitted to use this Court to, in effect, extort a settlement out of an innocent person.

  b. This John Doe can produce, to this Court, his/her documents confirming where he/she was between February 5 and March 27, 2014, when Plaintiff claims this IP address was used to download its materials, as well as a report

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

from a qualified and respected digital forensic specialist confirming that no pornographic or any of Plaintiff's materials were downloaded at all as Plaintiff has alleged in its Complaint and Motion on any of his/her devices.

13. Again, this Plaintiff has no proof or evidence that the person who has the IP Address with Comcast is the person who **may have** contacted Plaintiff's materials.

   a. Plaintiff and/or its Declarants would have to acknowledge, that the IP Address does not identify the "user" or "infringer", but only identifies whose name the wireless router is in with the Internet Service Provider: i.e. Comcast.

   b. Plaintiff and or its Declarants would also have to admit to this Court that its Exhibit A to its Complaint, could also be the result of a virus and that the "hits" could have been made by a visitor in the home, a neighbor or anyone parked out on the street in front of his/her home.

14. This John Doe recognizes from his/her own work the importance of protecting copyrighted materials, and will cooperate in providing materials to this Court to confirm this John Doe's lack of involvement with the Plaintiff's materials, provided that he/she is protected from the wrongful and embarrassing association with this Plaintiff by an appropriate Protective Order pursuant to FRCP 26(c).

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

      a. Based upon Plaintiff's reputation, this John Doe fears that Plaintiff cannot be trusted not to disclose John Doe's personal information to the public.

      b. This John Doe needs to and should be provided the opportunity to prove to this Court that it was not him/her who used the wireless router associated with the IP Address before his/her name, reputation and employment are placed in risk of immediate and irreparable harm.

15. This John Doe has already incurred over $10,000.00 in expenses attempting to protect his/her good name based upon the false and meritless allegations contained within Plaintiff's Complaint.

**WHEREFORE**, John Doe respectfully requests that this Court enter an Order quashing the Subpoena to Comcast Cable Holdings, LLC, dated March 21, 2014 and/or allow this named John Doe to provide to this Court for review, or one assigned by the Court, confidentially and under strict protective conditions, the documentation and materials of this John Doe to confirm that this John Doe did not do as the Plaintiff has alleged in its Complaint to save this party from the annoyance, embarrassment and oppression which would result from such disclosure, to include the immediate and irreparable harm to his/her reputation and employment. This John Doe would also respectfully request that Plaintiff be ordered to pay John Doe's attorney fees and all related costs associated with proving that he/she was not the user as alleged by the Plaintiff in this action as same may be permitted pursuant to FRCP 11 and FRCP 26.

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186

Respectfully submitted,
LOVEJOY LAW OFFICES, P.C.

/s/ Fred C. Lovejoy

Dated: April ___, 2014.

Fred C. Lovejoy (P39050)
Attorney for Defendant
107 E. Washtenaw, Suite 2
Lansing, Michigan 48933
Telephone: 517-371-7180
E-Mail: fclovejoy@att.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON APRIL 30, 2014, I ELECTRONICALLY FIELD THE FOREGOING DOCUMENT WITH THE CLERK OF THE COURT USING CM/ECF AND THAT SERVICE WAS PERFECTED ON ALL COUNSEL OF RECORD AND INTERESTED PARTIES THROUGH THIS SYSTEM.

BY: /s/ Fred C. Lovejoy

LOVEJOY LAW
OFFICES, P.C.

ATTORNEYS AT LAW

107 E. Washtenaw, Suite 2
Lansing, Michigan 48933

Telephone (517) 371-7180
Facsimile (517) 371-7186