UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 71.206.111.76,

       Defendant.
_____/

CASE NO. 1:14-CV-258

HON. ROBERT J. JONKER

## ORDER

      This Court previously authorized service of a Third Party Subpoena to ascertain the actual identity of John Doe, a person associated with an ISP address that Plaintiff claims was used to infringe its copyrighted work. (See Order, docket # 8.) John Doe has appeared anonymously, though counsel, to deny the allegations in Plaintiff's complaint, and to seek relief related to the Third Party Subpoena. (Motion and Brief, docket ## 10-11.) In particular, Defendant John Doe seeks to quash the subpoena under Rule 45(d)(3), or alternatively for a protective order under Rule 26(c) keeping his actual identity off the public record until adjudication of his merits defenses. Plaintiff opposes the request to quash, but does not object to an order permitting Defendant to proceed anonymously through the close of discovery (docket # 12).

      The Court finds no basis to quash the subpoena under Rule 45. The Court has already determined that the limited Third Party Discovery is necessary in this case, as in the many other similar cases on the Court's docket. Defendant's basic opposition to the subpoena is his claim that Plaintiff's allegations about his personal use of the ISP address at issue are erroneous, and that he can

demonstrate this with evidence. But this is a merits defense, not a proper objection to the limited Third Party Discovery at issue. There will be time to litigate the merits of the case in the ordinary course of litigation. Defendant's other objection is that Plaintiff files similar cases against other Defendants. But that is no reason to quash a subpoena for limited Third Party Discovery. The record discloses no basis under Rule 45(d)(3) for quashing the subpoena.

The request for a protective order against public disclosure of Defendant's identity presents a different issue. Plaintiff does not oppose permitting Defendant to proceed anonymously through discovery, but the Court ordinarily does not permit it. Litigation is a public matter, and transparency of proceedings is presumptively appropriate. FED. R. CIV. P. 10(a) (requiring that a complaint state the names of all parties); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (describing presumption of open judicial proceedings and narrow circumstances under which presumption may be overcome). Virtually every case includes allegations that one party or another may find problematic or embarrassing. Moreover, at the outset of almost every case, defendants deny the substantive allegations against them in a complaint. The remedy is not to keep identities secret until the matter is adjudicated, but to litigate the case on the merits. Here, the Court does not find good cause to keep the identity of Defendant John Doe off the record.

Accordingly, Defendant's motion is **DENIED**.

Dated:     May 15, 2014                    /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE